Morris Newmark and Julia Newmark v. Commissioner.
Newmark v. Commissioner
Docket No. 71814.
United States Tax Court
T.C. Memo 1961-285; 1961 Tax Ct. Memo LEXIS 64; 20 T.C.M. (CCH) 1497; T.C.M. (RIA) 61285; October 13, 1961
*64 Harry L. Jessop, Esq., for the petitioners. Paul D. Barker, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined deficiencies in the petitioner's income tax of $7,653.70 for 1946 and $5,108.14 for 1947 because he constructively received $13,000 in 1946 and $13,400 in 1947. These items of income are the only issue for our decision. All of the facts are stipulated and are hereby found. Morris and Julia Newmark, as husband and wife filed joint returns for 1946 with the collector of internal revenue for the fifth district of New Jersey. Morris filed an individual return for 1947 with the collector of internal revenue for the third district of New York. Morris filed his income tax returns for the years involved herein on the basis of the calendar year using the cash receipts and disbursements method of accounting. The petitioner Morris, and Louis H. Barber (hereinafter sometimes called Barber) entered into an agreement on September 21, 1945 with Ansel R. Abeel, Sr. to purchase 116 shares of the total outstanding and issued capital stock of 118 shares of the Eastern Cutter Corporation (hereinafter sometimes called Eastern *65 Cutter) of Newark, New Jersey. The sales price was $49,900 and the transaction was to be completed on or before October 1, 1945. The sale was conditioned upon the simultaneous sale of the remaining two shares of Eastern Cutter stock held by others for the amount of $50 per share. In order to consummate this agreement, Morris and Barber required financing. They made application on October 1, 1945 to Intermediate Factors Company (hereinafter called Factors), for a loan in the amount of $50,000, coupled with an added $4,000 charge for the use of Factors' money. Factors granted their application on October 1, 1945 and Morris and Barber executed a demand note to Factors on October 1, 1945 in the amount of $54,000. Morris and Barber turned over $50,000, the proceeds of the loan from Factors, to Abeel on October 1, 1945 as the purchase price of the capital stock of Eastern Cutter. They received in exchange all of the capital stock of Eastern Cutter which was transferred by endorsement to Morris and Barber. On the same date of October 1, 1945, Abeel resigned as director and president of Eastern Cutter and Morris and Barber and their respective wives became the entire board of directors; *66 Morris was also appointed president of Eastern Cutter, and Barber became its secretary and treasurer. Morris and Barber immediately proceeded to satisfy the loan which they had obtained from Factors to finance the purchase of Eastern Cutter stock. On the same day that their loan was obtained from Factors and the transfer of Eastern Cutter stock was effected, October 1, 1945, the board of directors of Eastern Cutter authorized a loan by Eastern Cutter to Morris and Barber in the amount of $27,625 to each, or a total loan of $55,250. The following amounts were actually borrowed and withdrawn from Eastern Cutter by Morris and Barber: (a) On October 1, 1945
$33,000
(b) On October 1, 1945
7,000
(c) On October 4, 1945
10,000
(d) On October 6, 1945
4,000
Total
$54,000 By October 9, 1945, Morris and Barber had completed payment on the demand note held by Factors in the amount of $54,000. On October 1, 1945, an employment contract was executed by and between Eastern Cutter and Morris for a term of five years whereby Morris was hired as president and director at a salary of $300 per week, commencing on October 1, 1945. Barber executed an identical contract with Eastern *67 Cutter as its secretary, treasurer and director. The yearly salary of Morris under his employment contract with Eastern Cutter was $15,600. Morris reported as salary from Eastern Cutter $2,600 on petitioners' 1946 federal income tax return and $2,200 on his 1947 federal income tax return. Morris did not report on the 1946 federal income tax return the $13,000 alleged in the notice of deficiency as constructively received by him in 1946, nor the $13,400 alleged in the notice of deficiency as constructively received by him in 1947. Eastern Cutter filed corporation federal income tax returns for the calendar year 1946 and 1947, claiming as deductions therein for compensation of its officers, Morris and Barber, the amount of $15,600 to each for each year. Morris assisted in the preparation of both of these income tax returns and signed the returns as one of the persons preparing them. During March 1948, Eastern Cutter filed a petition under Chapter XI of the Federal Bankruptcy Act with the United States District Court, District of New Jersey, proposing a plan of arrangement to satisfy the claims of its unsecured creditors. Morris was in charge of the books and records of Eastern *68 Cutter. The personal indebtedness to Eastern Cutter, arising from the Eastern Cutter loan to Morris and Barber was satisfied through salary credits, which accrued in their favor through the October 1, 1945 contracts of employment with Eastern Cutter. These salary credits were evidenced by monthly demand notes issued by Eastern Cutter to Morris from January 1, 1946 through December 31, 1947. No current entries were made on the books of Eastern Cutter reflecting the notes or that such salary credits were applied against Morris and Barber's indebtedness to Eastern Cutter, due to a "pending" "tax case involved" as to which Morris thus "held them off." Until June 22, 1948 there was no entry on Eastern Cutter's books of account indicating satisfaction of the loan to Morris and Barber. When Eastern Cutter was declared a bankrupt and, during 1948, officers' salaries were then reflected by proper journal entries. Officers' salaries were then accrued on the books of account of Eastern Cutter to the extent of $13,400 for 1946 and $13,000 for 1947. The balance sheet of the corporation as of December 31, 1947 thus disclosed an asset of $50,000 representing the loan to Morris and Barber, and a liability *69 of $52,800, representing accrued salary of Morris and Barber. Eastern Cutter at the end of 1947 was financially solvent. It was unknown at that time as to whether it showed a net profit. Form 7900, Notice of Tax Liability, dated December 22, 1948, was mailed by the Commissioner to Eastern Cutter asserting a deficiency in federal income taxes for the year 1946. This deficiency in tax was based in part upon disallowance of Eastern Cutter's officers' salaries to the extent of $26,800 on grounds that such claimed deductions were excessive. The foregoing facts are derived from the stipulation which contains petitioner's sworn testimony to this effect. From the facts it is evident that petitioner has not met his burden of proof. The facts show that the petitioner either actually received the 1946 and 1947 salary payments in question by having Eastern Cutter apply them to the loan due to it, or constructively received them, As to the latter, Eastern Cutter was solvent, the salaries were due, and the petitioner was in a position to effect payment. The petitioner has no just complaint here that the Commissioner has taken steps to have the salary paid to him disallowed to Eastern Cutter *70 as excessive. See: . Decision will be entered for the respondent.